UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21599-BLOOM/Otazo-Reyes

MANUEL ANTONIO MIJARES RODRIGUEZ,

 Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
*Andrew M. Saul*,

 Defendant.
_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**THIS CAUSE** is before the Court upon Plaintiff Manuel Mijares Rodriguez's ("Plaintiff") motion for leave to proceed in this action *in forma pauperis*, ECF No. [3] (the "IFP Motion"), filed on April 26, 2021. The Court has carefully considered the IFP Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's IFP Motion is denied.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *see* 28 U.S.C. § 1915(a)(1). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using

HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Despite being represented by counsel, Plaintiff's IFP Motion states only that he receives no income, receives food stamps, that he has $25.00 in a checking or savings account, and a car. ECF No. [3] at 2. The Court requires additional financial information to substantiate these claims. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) ("It undeniably costs money to live . . . . Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information.").

Accordingly, Plaintiff shall provide the following information to the Court:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) The source of funds to pay for those expenses;

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to a means of transportation owned by someone else;

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment;

(5) Whether he has any credit or debit cards;

Case No. 21-cv-21599-BLOOM/Otazo-Reyes

(6) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether he anticipates any future income within the next year; and

(8) A list of any other cases showing an indigency-based filing fee reduction or waiver granted by any other court (include the full case name, case number, and the name of the court granting the reduction or waiver).

Plaintiff must declare these facts to be true under penalty of perjury. If he does not use a preprinted IFP form to respond, he must insert this above his signature: "I declare under penalty of perjury under the laws of the United states of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [3]**, is **DENIED WITHOUT PREJUDICE**. Plaintiff may submit a new IFP Motion, subject to the above instructions, or pay the required filing fee by **May 7, 2021**. Plaintiff is cautioned that the failure to do so by this date will result in a dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 27, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record