UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21599-BLOOM/Otazo-Reyes**

MANUEL ANTONIO MIJARES RODRIGUEZ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
*Andrew M. Saul*,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**THIS CAUSE** is before the Court upon Plaintiff Manuel Antonio Mijares Rodriguez's ("Plaintiff") Renewed Motion for Leave to Proceed in this action *in forma pauperis*, ECF No. [8] (the "IFP Motion"), filed on May 16, 2021. The Court has carefully considered the IFP Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's IFP Motion is granted.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *see* 28 U.S.C. § 1915(a)(1). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's

poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Plaintiff's IFP Motion represents that he receives $50.00 monthly in gifts, $355.00 in food stamps, he has $30.00 in a checking account, a car worth $5,000.00 and a home in which his ex-spouse lives. ECF No. [8] at 2-3. As such, Plaintiff's income does not exceed the poverty guideline. *See* 86 Fed. Reg. 7732 (Feb. 1, 2021) (setting $12,880.00 as the relevant poverty guideline). Furthermore, the IFP Motion reflects no guaranteed monthly income going forward. In addition, Plaintiff states that he pays $30.00 per month for gasoline, his son pays for his car insurance, and that he lives in a friend's house at no cost. *Id*. at 4-5.

For these reasons, the Court finds that Plaintiff is unable to pay the required filing fee as required for indigent status under section 1915. Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's IFP Motion, **ECF No. [8]** is **GRANTED**. The Clerk of Court shall issue the summonses attached to the Complaint for service by the United States Marshal Service.

Case No. 21-cv-21599-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record